RECEIVED
AUG 1 1 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE OPELOUSAS DIVISION

| | | |
|---|---|---|
| ANGELA S. SMITH | : | DOCKET NO. 05-862 |
| VS. | : | JUDGE MELANÇON |
| COURTESY AUTOMOTIVE GROUP | : | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Currently before the court is the Motion to Dismiss filed by Courtesy Automotive Group ("Courtesy") on July 19, 2005. [rec. doc. 5]. By this Motion, Courtesy seeks to have this action dismissed as premature on grounds that the plaintiff has failed to properly exhaust administrative remedies with the EEOC prior to filing suit under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e, et seq.). Plaintiff, Angela S. Smith ("Smith"), has filed opposition to the Motion. [rec. doc. 8]. By opposition, Smith argues that the instant suit is not filed under Title VII of the Civil Rights Act of 1964, but rather is filed under the Family Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq.* Therefore, Smith contends that she was not required to exhaust administrative remedies with the EEOC prior to filing the instant suit. This matter has been referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B). For the following reasons, the undersigned recommends that Courtesy's Motion to Dismiss should be **DENIED**.

## FACTUAL BACKGROUND

This action was filed on May 20, 2005. In her complaint, Smith alleges that at all relevant times she was employed with defendant Courtesy. [rec. doc. 1, ¶ 4 and 5]. Beginning on April 7, 2004, plaintiff took a leave of absence from work under the Family Medical Leave Act. [rec. doc. ¶ 6]. Upon her return to work on May 20, 2004, plaintiff discovered that her position had been filled by a male employee. Accordingly, she was transferred to another location, her salary was decreased and her job duties were increased. [rec. doc. 1, ¶ 8]. Plaintiff alleges that Courtesy's actions violated "the Family Medical Leave Act of 1993, 29 U.S.C. §2615, by not restoring Claimant to an equal position with equivalent employment benefits and pay upon her return for leave." [rec. doc. 1, ¶ 12]. She further alleges that Courtesy's actions violated the Louisiana Pregnancy Discrimination Law, La.R.S. 23:342. [rec. doc. 1, ¶ 13]. Thus, plaintiff alleges federal question jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction under 28 U.S.C. §1367. [rec. doc. 1, ¶ 1]

In the instant Motion, Courtesy contends that Smith filed the instant suit under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e, *et seq.*) without first exhausting administrative remedies with the EEOC as required by 42 U.S.C. §2000e-5(e)(1) and (f)(1). Therefore, Courtesy contends that this action is premature and must accordingly be dismissed. Smith contends that the instant suit is not filed under Title VII of the Civil Rights Act of 1964. Rather, Smith argues that she filed suit under the Family

Medical Leave Act (FMLA), 29 U.S.C. §2601, et seq., which imposes no administrative conditions precedent to filing suit. Therefore, Smith contends that the instant action is not premature as she was not required to exhaust administrative remedies with the EEOC or any other administrative agency prior to filing the instant suit.

## LAW AND ANALYSIS

Section 2000e-5(e)(1) provides that, before a plaintiff can commence a civil action under Title VII in federal court, she must file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice. 42 U.S.C. §2000e-5(e)(1) and (f)(1); *Cruce v. Brazosport Independent School Dist.*, 703 F.2d 862, 863 (5th Cir. 1983) (although filing of EEOC charge is not jurisdictional prerequisite, it "is a precondition to filing suit in district court."); *Dao v Auchan Hypermarket*, 96 F. 3d 787, 789 (5th Cir. 1996).

However, Smith has not filed the instant action under Title VII. To the contrary, plaintiff clearly and unambiguously alleges that she seeks relief under the FMLA, 29 U.S.C. §2601, *et. seq.* [rec. doc. 1, ¶ 12]. There is no mention of Title VII whatsoever and therefore Title VII's requirement of administrative exhaustion with the EEOC is not applicable. Accordingly, Courtesy's Motion is factually unfounded.

Under the FMLA, eligible employees are entitled to take reasonable leave for the birth of a child. 29 U.S.C. §2601(b)(2); 2612(a)(1)(A). Employees who take FMLA leave are entitled to various protections, including, that on return to work, the employee

3

shall "be restored ...to the position of employment held by the employee when the leave was commenced" or "be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. §2614(a). Thus, employers actions which interfere with or deny the employee her rights under the FMLA are prohibited. 29 U.S.C. §2615(a). Accordingly, the Act provides the employee with a private right of action for damages and equitable relief in federal court against her alleged violating employer. 29 U.S.C. §2617(a)(2); *Wilson v. Dallas Independent School District*, 1998 WL 47635, *3 (N.D.Tex. 1998). The FMLA does not require the employee to pursue any administrative remedies before filing suit in federal court and more specifically, does not contain any exhaustion requirement prior to filing suit. *Krohn v. Forsting*, 11 F.Supp.2d 1082, 1085 (E.D.Mo. 1998) citing 29 U.S.C. §2601 *et seq.*, 29 C.F.R. 825.400(a), *Danfelt v. Board of County Commissioners of Washington Co.*, 998 F.Supp. 606, 609 (D.Md. 1998), and *Spurlock v. NYNEX*, 949 F.Supp. 1022, 1030 (W.D.N.Y. 1996); *Shannon v. City of Philadelphia*, 1999 WL 126097, *4 fn. 4 citing *Krohn*, 11 F.Supp.2d at 1085 (E.D.Mo. 1998) and *Churchill v. Star Enterprises*, 1998 WL 254080, *6 (E.D.Pa. 1998); *OgBorn v. United Food and Commercial Workers, Local 881*, 2000 WL 1409855, * 8 (N.D.Ill. 2000), affd' 305 F.3d 763 (7th Cir. 2002) ("the FMLA does not itself require exhaustion of any administrative remedies, let alone exhaustion before the EEOC."); *Cookston v. Freeman, Inc.*, 1999 WL 714760, *4 (N.D.Tex. 1999) (citations omitted) ("an EEOC charge need not be filed in an FMLA

4

action."); *Barber v. Runyon*, 1998 WL 912065, *8 (S.D.N.Y. 1998); *Churchill v. Star Enterprises* 183 F.3d 184, 190 (3rd Cir. 1999) (noting that unlike the ADA the FMLA does not require pursuit of administrative remedies before a suit may be filed in court); *Harris v. Unuin Pacific R.R.*, 141 F.3d 740, 742 (7th Cir. 1998) (noting that the FMLA does not require a prior administrative charge); *Wilson v. Dallas Independent School District*, 1998 WL 47635, *4-5 (N.D.Tex. 1998) (concluding that administrative exhaustion before pursuing FMLA claims is not required). Rather, under the implementing regulations an employee who believes that her rights under the FMLA have been violated may, at the employee's option, either file a complaint with the Secretary of Labor, or file a private lawsuit. 29 C.F.R. §825.400(a).

With respect to federal causes of action, where Congress specifically mandates exhaustion of administrative remedies, exhaustion is required. *Krohn*, 11 F.Supp.2d at 1085 citing *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Where Congress has not clearly required exhaustion, however, "sound judicial discretion governs." *Id.* Given the facts of this case, the undersigned concludes that this court should not exercise its judicial discretion by requiring plaintiff to exhaust remedies which may be available with the Secretary of Labor. "[F]ederal courts are vested with a virtually unflagging obligation to exercise the jurisdiction given them." *Krohn*, 11 F.Supp.2d at 1085 citing *McCarthy*, 503 U.S. at 145. The plaintiff herein seeks to enforce important rights granted to her by federal law. She claims that she was denied her right to return to her former position or an alternative position with equal pay, and equal terms and conditions of employment.

5

The language of the federal implementing regulation, which permits an employee to file a complaint with the Secretary, is permissive and in no way mandates that the procedure be utilized prior to filing suit. Finally, Courtesy has failed to allege or demonstrate that it will in any way be prejudiced by plaintiff's failure to file a complaint with the Secretary or otherwise exhaust remedies which may be available with the Department of Labor.

For the above reasons, the undersigned recommends that Courtsey's Motion to Dismiss should be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.** *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 11 day of August, 2005.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE